



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KELLIE BURCHFIELD, SONJA K. ROSS, LOLA STONE, AND REBECCA WRIGHT,<br>       Plaintiffs,<br><br>v.<br><br>ARMOR ACCESSORIES, INC. a/k/a ARMOR HOLDINGS, INC.<br>       Defendant. | 4-07CV-378-Y<br>Civil Action No. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Armor Accessories, Inc. a/k/a Armor Holdings, Inc. ("Defendant") files this Notice of Removal, as follows:

### I.
### STATEMENT OF THE CASE

1.   This action was filed initially in the 236th Judicial District Court of Tarrant County, Texas in a lawsuit styled *Kellie Burchfield, Sonja K. Ross, Lola Stone, and Rebecca Wright v. Armor Accessories, Inc. a/k/a Armor Holdings, Inc.*, Cause No. 236-224086-07. In Plaintiffs' Original Petition With Request For Written Disclosures to Defendant, Armor Accessories, Inc. ("Plaintiffs' Petition") Plaintiffs' allege they were subjected to sex discrimination in the form of an allegedly hostile work environment. In addition, Plaintiffs have alleged related state law claims arising from a common nucleus of operative facts. As reflected in Exhibits "A", "B", and "C," and "D" to Plaintiffs' Petition, Plaintiffs requested and received prerequisite "right-to-sue" notices, dated March 5, 2007, from the U.S. Equal Employment Opportunity Commission ("EEOC") after having filed charges of discrimination under Title VII

of the Civil Rights Act of 1964 [42 U.S.C. §2000e *et seq.*] (see attached Appendix of State Court Documents, Plaintiffs' Petition, Tab 4, pp. 020-023). This lawsuit was filed within the 90-day time period mandated by Title VII (as described in Plaintiffs' "right-to-sue" notices). 42 U.S.C. §2000e-5(f)(1). The district courts of the United States have original jurisdiction over this action, because Plaintiffs' claims arise under federal law and substantial disputed questions of federal law comprise necessary elements of Plaintiffs' cause of action. 28 U.S.C. §1331 and §1343(3). Alternatively, the district courts of the United States have original jurisdiction over this action, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action involves a controversy between citizens of different states. 28 U.S.C. §1441(b). According to Plaintiffs' Petition, Plaintiffs are residents of Texas and New Mexico. (See attached Appendix, Tab 4, p. 007) Defendant Armor Accessories, Inc. is a Delaware corporation with its headquarters and principal place of business located in Jacksonville, Florida. 28 U.S.C. §1332(c)(1). Moreover, this court has supplemental jurisdiction over Plaintiffs' pendant state law claims. 28 U.S.C. §1367(a).

II.
TIMELINESS OF REMOVAL

2. This notice of removal is timely pursuant to 28 U.S.C. §1446(b). Less than thirty (30) days have elapsed since the date Defendant received a copy of Plaintiffs' Petition and Citation, which was served by certified mail upon Defendant's registered agent for service, Corporation Service Company, on May 29, 2007. The return of citation was filed June 5, 2007. (See attached Appendix, Tab 5, p. 029). Plaintiffs' Petition was received by Defendant's attorney on May 31, 2007.

III.
GROUNDS FOR REMOVAL

3. *Federal Question.* Removal is proper by virtue of 28 U.S.C. §§1331, 1343(3), 1441(b) and 1446. The federal district courts have been conferred original jurisdiction over cases and controversies involving the questions of federal law presented by Plaintiffs' Title VII claims. 42 U.S.C. §2000e-5(f).

4. *Diversity.* In addition and in the alternative, this action properly may be removed pursuant to 28 U.S.C. §1441(a), because there is complete diversity of citizenship among the parties. Therefore, diversity jurisdiction exists. 28 U.S.C. §1332. Plaintiffs allege in Plaintiffs' Petition that they are residents of Texas and New Mexico. (See attached Appendix, Tab 4, p. 007). Defendant Armor Accessories, Inc. is, and at all material times has been, a Delaware corporation with its headquarters and principal place of business located in Jacksonville, Florida. Accordingly, Defendant would be deemed a citizen of Delaware and a citizen of Florida. 28 U.S.C. §1332(c)(1). Although no specific amount in controversy is stated expressly in Plaintiffs' Petition, Defendant avers that the allegations contained within Plaintiffs' Petition reflect that Plaintiffs are, in fact, seeking an award of damages in excess of $75,000.00. Individually and collectively, Plaintiffs are seeking monetary awards for back wages, past and future mental anguish and physical pain, past and future medical expenses, and exemplary damages "in an amount exceeding the courts [sic] jurisdictional limits." (See attached Appendix, Plaintiffs' Petition, Tab 4, pp. 008-023). Plaintiffs also are seeking to recover their reasonable attorney's fees in addition to being awarded monetary damages. (See Appendix, Tab 4, p. 019). While Plaintiffs' individual claims for sex discrimination are limited or "capped" under both federal law and state law, the amount of the "cap" is $300,000.00. 42 U.S.C. §1981a(3)(D); Tex. Lab. C

§§21.2585 and 21.259. Plaintiffs' related state law tort claims (*egs.* defamation, assault, invasion of privacy, *etc.*) are not subject to such monetary damages "caps."

5.  *Venue.* Venue in the Fort Worth Division of the Northern District of Texas is proper pursuant to 28 U.S.C. §1441 in that: (1) Plaintiff Kellie Burchfield is alleged to be a resident of Johnson County, Texas; (2) Plaintiffs Sonja K. Ross and Lola Stone are alleged to be residents of Tarrant County, Texas; (3) Plaintiffs' alleged cause of action arose in Tarrant County, Texas; and (4) Plaintiffs' state court action was filed in Tarrant County, Texas—all within the territorial boundaries of the Fort Worth Division of the United States District Court for the Northern District of Texas.

## IV.
## COPIES OF STATE COURT DOCUMENTS

5.  Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, Defendant has attached an indexed Appendix containing certified copies of all known state court pleadings, civil process, orders (if any), state court docket sheet, and other documents filed in the state court, as follows:

>   Tab 1: Index of State Court Documents
>
>   Tab 2: State Court Civil Docket Sheet
>
>   Tab 3: Letter from Plaintiffs' attorney to State Court File Desk
>
>   Tab 4: Plaintiffs' Original Petition with Request for Written Disclosures to Armor Accessories, Inc.
>
>   Tab 5: Citation and Officer's Return
>
>   Tab 6: Letter from Defendant's attorney to State Court Clerk
>
>   Tab 7: Defendant's Original Answer

## V.
## CERTIFICATE OF INTERESTED PERSONS

6.    Pursuant to L.R. 3.1(f) and L.R. 7.4 of the Local Rules of the Northern District of Texas, Defendant's Certificate of Interested Persons is being filed with this Notice of Removal.

## VI.
## REMOVAL NOTICE FILED IN STATE COURT

7.    Pursuant to 28 U.S.C. §1446(d), written notice of the removal of this action is being filed with the clerk of the state district court.

WHEREFORE, PREMISES CONSIDERED, Defendant has removed this action for trial or other final disposition from the 236th Judicial District Court of Tarrant County, Texas to this court.

DATE: June 28, 2007.

Respectfully submitted,

_____
Gary L. Ingram
State Bar No. 10397500
Danielle E. Needham
State Bar No. 24041571
JACKSON WALKER L.L.P.
301 Commerce Street, Suite 2400
Fort Worth, Texas 76102
Telephone: (817) 334-7245
Telecopier: (817) 334-7290
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE AND NOTICE OF FILING

The undersigned attorney of record for Armor Accessories, Inc. a/k/a Armor Holdings, Inc. certifies that on ____ day of June, 2007, a copy of a Notice of Removal of this action was filed with the clerk of the 236th Judicial District Court of Tarrant County, Texas and that written notice of filing of the Notice of Removal was served upon the Plaintiffs, Kellie Burchfield, Sonja K. Ross, Lola Stone, and Rebecca Wright, by and through their attorneys of record, Avery McDaniel, LAW OFFICES OF AVERY MCDANIEL, 800 West Weatherford Street, Fort Worth, Texas 76102. Attached to said notice was a copy of the Notice of Removal.

_____
Gary L. Ingram
Danielle E. Needham

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

RECEIVED U.S. DISTRICT COURT NORTHERN DIST. OF TX FORT WORTH DIVISION
2007 JUN 28 PM 1:20
CLERK OF COURT

## I. (a) PLAINTIFFS
Kellie Burchfield, Sonja K. Ross, Lola Stone and Rebecca Wright

**DEFENDANTS**
Armor Accessories, Inc. a/k/a Armor Holdings, Inc.

(b) County of Residence of First Listed Plaintiff: **Johnson**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Avery McDaniel, Law Offices of Avery McDaniel, P.C.
800 West Weatherford Street, Fort Worth, TX 76102   (817) 810-9500

Attorneys (If Known)  **4-07CV-378-Y**
Gary L. Ingram, Jackson Walker L.L.P.
301 Commerce Street, Suite 2400, Fort Worth, TX 76102   (817) 334-7245

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 2000e-5(f); 28 U.S.C. Section 1332

Brief description of cause:
Employment discrimination (harassment) and personal injury

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06-28-2007
SIGNATURE OF ATTORNEY OF RECORD: Gary L. Ingram

**FOR OFFICE USE ONLY**
RECEIPT # FW3590   AMOUNT 350   APPLYING IFP _____   JUDGE Y   MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# United States District Court
# Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 236th Judicial District Court of Tarrant County, Texas | 236-224086-07 |

2. **Style of the Case:** *Kellie Burchfield, Sonja K. Ross, Lola Stone, and Rebecca Wright vs. Armor Accessories, Inc. a/k/a Armor Holdings, Inc.*

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | PLAINTIFFS<br>Kellie Burchfield<br>Sonja K. Ross<br>Lola Stone<br>Rebecca Wright | Avery McDaniel<br>State Bar No. 24000121<br>Law Offices of Avery McDaniel, P.C.<br>800 West Weatherford Street<br>Fort Worth, Texas 76102<br>Telephone: 817-810-9500<br>Telecopier: 817-882-8444 |
   | DEFENDANTS<br>Armor Accessories, Inc. a/k/a<br>Armor Holdings, Inc. | Gary L. Ingram<br>State Bar No. 10397500<br>Danielle E. Needham<br>State Bar No. 24041571<br>JACKSON WALKER L.L.P.<br>301 Commerce Street, Suite 2400<br>Fort Worth, Texas 76102<br>Telephone: 817-334-7245<br>Telecopier: 817-334-7290 |

4798172v.1 108049/00235

Supplemental Civil Cover Sheet
Page 2

3. **Jury Demand:**

   Was the Jury Demand made in State Court? ☒ Yes ☐ No

   If "*Yes*", by which party and on what date?

   | Plaintiffs Kellie Burchfield, Sonja K. Ross, Lola Stone, Rebecca Wright | May 22, 2007 |
   |---|---|
   | Party | Date |

4. **Answer:**

   Was the Answer made in State Court? ☒ Yes ☐ No

   If "*Yes*", by which party and on what date?

   | Defendants Armor Accessories, Inc. a/k/a Armor Holdings, Inc. | June 15, 2007 |
   |---|---|
   | Party | Date |

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   | None | |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   | None | |

Supplemental Civil Cover Sheet
Page 3

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| PLAINTIFFS – Kellie Burchfield, Sonja K. Ross, Lola Stone, and Rebecca Wright | Sex discrimination claims and various common law personal injury claims; also seeking attorney's fees |
| DEFENDANTS Armor Accessories, Inc. a/k/a Armor Holdings, Inc. | Defendants deny Plaintiffs' allegations. |

4798172v.1 108049/00235